## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| SARAH HRICZO, individually and on behalf of all similarly situated persons, | |
| Plaintiff, | Civil Action No. __2:23-CV-142-RWS__ |
| v. | |
| BRASELTON FINE FOODS, LLC d/b/a COTTON CALF KITCHEN, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Sarah Hriczo brings this Collective Action Complaint on behalf of herself, and all others similarly situated, against Defendant Braselton Fine Foods, LLC d/b/a Cotton Calf Kitchen ("Defendant" or "CCK"), alleging systemic violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Plaintiff's Consent to Join is attached hereto as Exhibit A. Plaintiff shows the Court as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1.   Defendant willfully violated the FLSA in the following ways with respect to Plaintiff and those similarly situated:

a.    Defendant, as a regular and routine practice, required Plaintiff and those similarly situated Servers and Bartenders to "tip out" and surrender 24.5% of the credit card tips they earned each shift. On information and belief, a substantial percentage of those tips were retained by Defendant and/or converted to management and/or employees who did not customarily and regularly receive tips.

b.    Following the "tip out" process, and specifically with respect to Plaintiff and other Bartenders, Defendant then, as a regular and routine practice, required Plaintiff and other Bartenders to participate in an invalid tip pool, in which Defendant required them to split the remainder of their tips with a pool of employees that included management.  As a consequence of the invalid "tip out" process and tip pool, Defendant violated the FLSA by taking a tip credit against Defendant's minimum wage obligations. Defendant is additionally liable for any withheld tips.

c.    Defendant, as a regular and routine practice, required Plaintiff and those similarly situated to: (i) spend time on work "directly supporting" tips for continuous periods of time exceeding thirty

2

(30) minutes while taking a tip credit for that work time; and/or (ii) spend time performing work not part of the tipped occupation while taking a tip credit for that work time. Defendant violated the FLSA by taking a tip credit against its minimum wage obligations for time (i) Plaintiff and those similarly situated performed work "directly supporting" tips in excess of thirty (30) continuous minutes, and/or (ii) Plaintiff and those similarly situated performed work that was not part of the tipped occupation.

d.    Defendant, as a regular and routine practice, required Plaintiff and those similarly situated to spend more than twenty (20) percent of their workweek performing work "directly supporting" tips and/or work that was not part of the tipped occupation while taking a tip credit for that time. Defendant violated the FLSA by taking a tip credit against Defendant's minimum wage obligations for time that Plaintiff and those similarly situated performed work "directly supporting" tips and/or performed work not part of the tipped occupation exceeding 20 percent of work time per workweek.

3

2.     Pursuant to the FLSA, Defendant is liable to Plaintiff, and those similarly situated, for unlawfully withheld tips, unpaid minimum wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over the individual and collective FLSA claims.

4.     Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), venue is proper in this Court because the unlawful employment practices described herein were committed within the Gainesville Division of the Northern District of Georgia.

## PARTIES

5.     Plaintiff is a citizen of the United States of America and is a resident of the State of Georgia.

6.     Defendant employed Plaintiff from approximately October 2021 until on or about April 28, 2023.  At all relevant times, Plaintiff worked as a non-exempt employee in the positions of Server and Bartender.

7.     Defendant is a for-profit Georgia corporation with its principal place of business in Jackson County, Georgia, at 9924 Davis Street, Suite 9, Braselton, Georgia 30517.

8.    Defendant may be served with process through its registered agent, Larry Scot Monroe, at 1874 Sam Snead Drive, Braselton, Georgia 30517.

9.    Defendant is governed by and subject to 29 U.S.C. § 206.

10.    Defendant is governed by and subject to 29 U.S.C. § 203(m)(2)(B).

11.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 201, *et seq.*

12.    At all relevant times, in the course of Defendant's business operations, Defendant's employees, including Plaintiff, have handled or otherwise used materials that have been moved or produced in interstate commerce.

13.    At all relevant times, Defendant has had two or more "employees engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. § 203(s)(1)(A)(i).

14.    At all relevant times, Defendant has had two or more "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A)(i).

15.    On information and belief, at all relevant times, Defendant has had an annual gross volume of sales or business done in excess of $500,000.00.

16.    At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

17.    Plaintiff brings this action on behalf of herself and all other similarly situated persons, pursuant to 29 U.S.C. § 216(b).

18.    Plaintiff seeks to represent the following two groups of similarly situated persons pursuant to 29 U.S.C. § 216(b):

   a. First, all persons who were, or are, employed by Defendant as Servers and/or Bartenders, or performing materially similar work as Servers and/or Bartenders, at any time within three years prior to the filing of this Complaint (the "Minimum Wage and Tip Collective").

   b. Second, all persons who were, or are, employed by Defendant as Bartenders, or performing materially similar work as Bartenders, at any time within three years prior to the filing of this Complaint, and who were subject to Defendant's Mandatory Tip Pool (the "Bartender Tip Pool Collective").

19.    The Minimum Wage and Tip Collective and the Bartender Tip Pool Collective are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number is dependent are in the sole possession of Defendant, upon information and belief, there are more than twenty-five (25) members in the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective, most of

6

whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

20.     Plaintiff will fairly and adequately protect the interests of the members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective and has retained counsel who is experienced and competent in the fields of wage and hour law and collective action litigation.

21.     Questions of law and fact common to the members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective.

## STATEMENT OF FACTS

22.     Defendant advertises as a "Contemporary American Steakhouse."

23.     Defendant employed Plaintiff as a Server and Bartender from approximately October 2021 until on or about April 28, 2023.

24.     Defendant employs, and has employed in the statutory period, a number of individuals as Servers and/or Bartenders, who they pay on an hourly subminimum wage basis and classify as non-exempt under the FLSA.

25.    Defendant normally pays Servers and Bartenders at a subminimum wage rate of $2.13 per hour and claims a tip credit against minimum wage.

26.    As a Server, Plaintiff's job duties included, *inter alia*, waiting on tables and cleaning.  On several occasions, depending on Defendant's staffing, Plaintiff and other Servers were also required to work in the capacity of food runners.

27.    Additionally, as a Bartender, Plaintiff's job duties included, *inter alia*, making drinks for the entire restaurant, and serving customers food and drink at the bar.

## I.    Mandatory "Tip Out" and Tip Pool in Violation of the FLSA

28.     Defendant regularly paid Plaintiff and other Servers and Bartenders a base subminimum wage rate of $2.13 per hour.

29.    In addition to the hourly wage, Plaintiff and other Servers and Bartenders received tips from Defendant's customers for their service.

30.    Of the tips they received, Plaintiff and other Servers and Bartenders were required to "tip out."  During this "tip out" process, Plaintiff and other Servers and Bartenders were required to "tip out" or surrender 24.5% of the credit card tips they received from customers during the shift.

31.    Plaintiff and other Servers and Bartenders asked Defendant's management, including Assistant Manager, Derrick Turner, and Assistant Manager

and Events Coordinator, April Kluttz, about where the "tip out" amounts were being distributed; however, management refused to provide Plaintiff and other Servers and Bartenders with this information.  In fact, on several occasions when Plaintiff and those similarly situated inquired about the "tip out" amounts, Defendant threatened to terminate their employment.

32.    On information and belief, a substantial percentage of Plaintiff's and other Servers and Bartenders' tips were retained by Defendant and/or converted to management and/or employees who did not customarily and regularly receive tips.

33.    On information and belief, a percentage of Plaintiff's and other Servers and Bartenders' tips were re-distributed to Bartenders, including to Bar Manager Nicole Buffone, whose duties included managing the bar and bartending.

34.    Specifically with respect to Bartenders, following each shift, Defendant required Plaintiff and other Bartenders to pool their remaining tips together (after the 24.5% tip out) and split them evenly.  On occasions when Ms. Buffone also worked as a Bartender, Plaintiff and other Bartenders were required to split their tips with her, thereby invalidating the tip pool.

35.    Because Defendant's mandatory "tip out" process and tip pool with respect to Bartenders were invalid, the FLSA prohibited Defendant from claiming a tip credit against its minimum wage obligations to Plaintiff and other Servers and

Bartenders.  Instead, Defendant was, and is, required to pay Plaintiff and those similarly situated the full minimum wage of $7.25 for all hours worked during the relevant time period.

36.    Defendant is additionally liable under the FLSA for the improperly withheld tips.

## II.    "Directly Supporting" Work for Continuous Periods Exceeding Thirty (30) Minutes in Violation of the FLSA and/or Work Not Part of the Tipped Occupation.

37.    In addition to Plaintiff's and other Servers and/or Bartenders' normal job duties in actively serving customers, they were also required to complete numerous pre-shift and post-shift opening and closing duties.

38.    Defendant is only open for dinner. Its hours of operation vary depending on the day of the week.  During the relevant time period, the schedule was and is as follows: (1) from Monday through Thursday, Defendant is open from 4:00 pm to 10:00 pm; (2) on Friday and Saturday, Defendant is open from 4:00 pm to 11:00 pm; and (3) Defendant is closed on Sunday.  On each day that Defendant is open, the bar opens for patrons at 4:00 pm and the dining room opens at 5:00 pm.

39.    From approximately October 2021 until December 2022, Plaintiff worked four (4) to five (5) days per week, typically working as a Server on Tuesdays, Wednesdays, and Fridays, and working as a Bartender on Thursdays.

40.     Beginning in approximately January 2023, and continuing until her employment ended on or about April 28, 2023, Plaintiff additionally worked as a Bartender on Saturdays.

41.     On days when Plaintiff worked as a Server, Plaintiff and other Servers were required to report to work at 3:00 pm to begin their pre-shift duties. Oftentimes, Plaintiff arrived earlier, reporting and starting work at 2:45 pm.

42.     Plaintiff's and other Servers' pre-shift duties included, *inter alia*: setting up the dining room; polishing glassware and silverware; cleaning; rolling silverware; making tea; preparing to-go boxes; cutting lemons; and setting-up for parties (collectively, the "Pre-Shift Server Duties").

43.     It typically took Plaintiff and other Servers approximately 90 to 105 minutes to complete their Pre-Shift Server Duties.

44.     Further, following the completion of their Pre-Shift Server Duties, Plaintiff and other Servers were required to attend pre-shift meetings from 4:30 pm to 5:00 pm.

45.     On days when Plaintiff worked as a Bartender, Plaintiff and other Bartenders were required to report to work at 3:00 pm to begin their pre-shift duties. Again, Plaintiff often arrived earlier, reporting and starting work at 2:45 pm.

11

46.    Plaintiff's and other Bartenders' pre-shift duties included: *inter alia*, setting up the bar; cutting fruit; making garnishes; making juices; placing mats behind the bar; and turning on the TV and lights (the "Pre-Shift Bartender Duties," and collectively with the "Pre-Shift Server Duties," the "Collective Pre-Shift Duties").

47.    It typically took Plaintiff and other Bartenders approximately 60 to 75 minutes to complete their Pre-Shift Bartender duties.

48.    At closing, Plaintiff's and other Servers' duties included: *inter alia*, taking out the garbage in the bathroom and kitchen; sweeping all sections; mopping the hallway behind the kitchen; re-setting tables and chairs; vacuuming all rugs, including the rugs near the bathroom, the office, and in the kitchen; rolling silverware; cleaning the trays and nozzles on the drink machine; and cleaning the "back line" of the kitchen, which included cleaning the mixing stand area and cleaning and dumping the bread machine (the "Server Closing Duties").

49.    It took Plaintiff and other Servers approximately 30 to 60 minutes to complete the Server Closing Duties.

50.    On at least two (2) occasions during Plaintiff's employment with Defendant, and in particular during the holiday season, Assistant Manager, Derrick Turner, required Plaintiff and other Servers to scrub the restaurant floors with bleach

and/or other various cleaning supplies.  This took Plaintiff and other Servers' approximately 30 to 45 minutes to complete.

51.    Further, at closing, Plaintiff's and other Bartenders' duties included: *inter alia*, shutting down the bar; cleaning the bar counters; mopping behind the bar; and storing and cleaning-up the garnishes and juices (the "Bartender Closing Duties," and collectively with the "Server Closing Duties," the "Collective Closing Duties").

52.    It took Plaintiff and other Bartenders approximately 30 to 60 minutes to complete their Bartender Closing Duties.

53.    When Plaintiff and other Servers and Bartenders spent more than 30 continuous minutes during pre- and post-shift periods on work "directly supporting" tips and/or spent any time performing work that was not part of the tipped occupation, the FLSA prohibited Defendant from claiming a tip credit against their minimum wage obligations to Plaintiff and other Servers and Bartenders for such time.  Instead, Defendant was, and is, required to pay minimum wages for those hours worked in excess of 30 continuous minutes for work "directly supporting" tips and/or any time spent performing work that was not part of the tipped occupation.

54.     When Plaintiff and other Servers spent time performing work that is not part of the tipped occupation, the FLSA required Defendant to pay them full minimum wages for all such time worked.

**III.    "Directly Supporting" Work and/or Work Not Part of the Tipped Occupation Exceeding Twenty (20) Percent of the Hours Worked in a Workweek.**

55.     During the relevant time period, Plaintiff and other Servers and Bartenders were required to engage in several pre- and post-shift duties.

56.     It typically took Plaintiff and other Servers approximately 90 to 105 minutes to complete their Pre-Shift Server Duties, and 30 to 60 minutes to complete their Server Closing Duties.

57.     Additionally, it typically took Plaintiff and other Bartenders approximately 60 to 75 minutes to complete their Pre-Shift Bartender Duties, and 30 to 60 minutes to complete their Bartender Closing Duties.

58.     Further, Plaintiff and other Servers were required to attend pre-shift meetings lasting approximately 30 minutes.

59.     To the best of Plaintiff's knowledge and belief, Plaintiff and other Servers and Bartenders spent approximately twenty (20) to thirty (30) percent of their work time performing pre- and post-shift duties, and attending pre-shift meetings.

60.    During the relevant time period, Defendant claimed a tip credit against Defendant's minimum wage obligations as an employer.  In doing so, Defendant counted the tips Plaintiff and other Servers and Bartenders received as a credit towards the minimum wages due to Plaintiff and other Servers and Bartenders.

61.    Defendant was prohibited from taking a tip credit for the time Plaintiff and other Servers and Bartenders spent on work "directly supporting" tips to the extent that the time performing such duties exceeded 20% of their workweek.

62.    Defendant was also prohibited from taking a tip credit for the time Plaintiffs and other Servers spent on work that was not part of the tipped occupation.

63.    Defendants violated the FLSA by taking a tip credit with respect to all time worked, including time that fell within these categories.  Instead, Defendant was, and is, required to pay minimum wages for those hours worked during the relevant time period.

### IV.    Summary of FLSA Violations and Remedies

64.    As a consequence of the numerous FLSA violations set forth in this Collective Action Complaint, Defendant is liable to Plaintiff, and all similarly situated individuals for: (1) the tips unlawfully withheld pursuant to the unlawful "tip out" and tip pool processes; and (2) full minimum wages for all time worked.

15

Defendant is additionally liable for an equal amount of liquidated damages, interest, and reasonable attorneys' fees and costs.

65.    On information and belief, Defendant's unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs by violating the FLSA.

66.    Defendant's unlawful withholding of tips from Plaintiff and other members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective was willful and was not in good faith.

67.    Defendant's FLSA violations were willful and were not in good faith.

**COUNT ONE**
**(Individual FLSA Claim Asserted by Plaintiff Against Defendant)**
**<u>Willful Failure to Pay Minimum Wage In Violation of the FLSA</u>**

68.    At all relevant times, Defendant was and continues to be an employer engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206.

69.    At all relevant times, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206.

70.    On information and belief, at all relevant times, Defendant had gross annual revenues in excess of $500,000.00.

71.    At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

72.    The minimum wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff.

73.    The FLSA requires employers, such as Defendant, to minimally compensate employees, such as Plaintiff, at the federal minimum wage for each hour worked.

74.    Defendant engaged in a routine and widespread pattern, policy, and practice of violating the FLSA by requiring Plaintiff to "tip out" or surrender 24.5% of her credit card tips following each shift, and then, on information and belief, retaining a portion of such tips and/or converting them to management and/or employees who did not customarily and regularly receive tips.

75.    Further, when Plaintiff worked as a Bartender, Defendant required her to participate in an invalid tip pool in which she was required to share tips with management. Defendant's unlawful practices thereby invalidated the tip credit it purported to take against its minimum wage payment obligations, requiring Defendant to pay Plaintiff at the federal minimum wage for all hours worked as a Bartender during the relevant time period.

17

76.    Defendant further engaged in a routine and widespread pattern, policy, and practice of violating the FLSA by failing to pay Plaintiff and other Servers and Bartenders the full minimum wage for time spent in excess of 30 continuous minutes performing work "directly supporting" tips and/or work that was not part of the tipped occupation.  When Plaintiff worked as a Server, Defendant required her to spend between 90 to 105 minutes on pre-shift duties, 30 to 60 minutes on post-shift duties, and approximately 30 minutes in a pre-shift meeting, regularly exceeding 30 continuous minutes performing work "directly supporting tips" and/or work that was not part of the tipped occupation.  Additionally, when Plaintiff worked as a Bartender, Defendant required her to spend 60 to 75 minutes on pre-shift duties and 30 to 60 minutes on post-shift duties, regularly exceeding 30 continuous minutes performing work "directly supporting" tips and/or work that was not part of the tipped occupation.  The FLSA requires Defendant to pay Plaintiff at the federal minimum wage for time spent performing work "directly supporting" tips in excess of 30 minutes and/or work that was not part of the tipped occupation.

77.    Additionally, Defendant engaged in a routine and widespread pattern, policy, and practice of violating the FLSA by failing to pay Plaintiff the full minimum wage for time spent in excess of 20 percent of her workweek performing work "directly supporting" tips.

78.    Defendant is liable to Plaintiff for, *inter alia*, the full amount of minimum wages at a rate of $7.25 per hour for all hours worked during the statutory period.

79.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

80.    Defendant did not make a good faith effort to comply with the FLSA with respect to Defendant's compensation of Plaintiff.

81.    Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant her full unpaid minimum wages for each workweek within the limitations period, an additional and equal amount of liquidated damages, interest, and reasonable attorneys' fees and costs of litigation.

**COUNT TWO**
**(Collective FLSA Claim Asserted Against Defendant)**
**Willful Failure to Pay Minimum Wage in Violation of the FLSA**

82.    Plaintiff seeks to represent the following collective groups of employees:

   a. First, all persons who were, or are, employed by Defendant as Servers and/or Bartenders, or performing materially similar work as Servers and/or Bartenders, at any time within three years prior

to the filing of this Complaint (the "Minimum Wage and Tip Collective").

b. Second, all persons who were, or are, employed by Defendant as Bartenders, or performing materially similar work as Bartenders, at any time within three years prior to the filing of this Complaint and who were subject to Defendant's Mandatory Tip Pool (the "Bartender Tip Pool Collective").

83.    At all relevant times, Defendant was and continues to be an employer engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206.

84.    At all relevant times, Plaintiff and other members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206.

85.    On information and belief, at all relevant times, Defendant had gross annual revenues in excess of $500,000.00.

86.    At all relevant times, Defendant employed and/or continues to employ, Plaintiff and other members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective within the meaning of the FLSA.

87.    The minimum wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and other members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective.

88.     The FLSA requires employers, such as Defendant, to minimally compensate employees, such as Plaintiff and other members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective, at the federal minimum wage for each hour worked.

89.     Defendant engaged in a routine and widespread pattern, policy, and practice of violating the FLSA by requiring Plaintiff and other members of the Minimum Wage and Tip Collective to "tip out" or surrender 24.5% of their credit tips following each shift, and then, on information and belief, retaining a portion of such tips and/or converting them to management and/or employees who did not customarily and regularly receive tips.

90.     Further, Defendant required Plaintiff and other members of the Bartender Tip Pool Collective to participate in an invalid tip pool, in which they were required to share tips with management on occasions when Bar Manager Nicole Buffone worked as a Bartender.

91.     Defendant's unlawful practices invalidated the tip credit Defendant purported to take against its minimum wage payment obligations, requiring Defendant to pay Plaintiff and other members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective at the federal minimum wage for all hours worked during the relevant time period.

21

92.    Defendant further engaged in a routine and widespread pattern, policy, and practice of violating the FLSA by failing to pay Plaintiff and other members of the Minimum Wage and Tip Collective the full minimum wage for time spent in excess of 30 continuous minutes performing work "directly supporting" tips and/or work that was not part of the tipped occupation.  Defendant required Plaintiff and other Servers to spend between 90 to 105 minutes on pre-shift duties, 30 to 60 minutes on post-shift duties, and approximately 30 minutes in a pre-shift meeting, regularly exceeding 30 continuous minutes performing work "directly supporting" tips and/or work that was not part of the tipped occupation.  Additionally, Defendant required Plaintiff and other Bartenders to spend 60 to 75 minutes on pre-shift duties and 30 to 60 minutes on post-shift duties, regularly exceeding 30 continuous minutes performing work "directly supporting" tips and/or work that was not part of the tipped occupation.   The FLSA requires Defendant to pay Plaintiff and other members of the Minimum Wage and Tip Collective at the federal minimum wage for time spent in excess of 30 minutes performing work "directly supporting" tips, and/or any time spent performing work that is not part of the tipped occupation.

93.    Additionally, Defendant engaged in a routine and widespread pattern, policy, and practice of violating the FLSA by failing to pay Plaintiff and other members of the Minimum Wage and Tip Collective the full minimum wage for time

22

spent in excess of 20 percent of their workweek performing work "directly supporting" tips.

94.    Defendant is liable to Plaintiff and other members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective for, *inter alia*, the full amount of minimum wages at a rate of $7.25 per hour for all hours worked during the statutory period.

95.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

96.    Defendant did not make a good faith effort to comply with the FLSA with respect to Defendant's compensation of Plaintiff and other members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective.

97.    Due to Defendant's FLSA violations, Plaintiff and other members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective are entitled to recover from Defendant their full unpaid minimum wages for each workweek within the limitations period, an additional and equal amount of liquidated damages, interest, and reasonable attorneys' fees and costs of litigation.

## COUNT THREE
### (Individual FLSA Claim Asserted by Plaintiff)
### <u>Unlawful Tip Withholding in Violation of the FLSA</u>

98.     At all relevant times, Defendant was and continues to be an employer engaged in commerce within the meaning of the FLSA.

99.     At all relevant times, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

100.    On information and belief, at all relevant times, Defendant had gross annual revenues in excess of $500,000.00.

101.    At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

102.    The tipped wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff.

103.    The FLSA prohibits employers, such as Defendant, from retaining employee tips, regardless of whether or not the employer takes a tip credit.

104.    The FLSA prohibits employers, such as Defendant, who seek to take a tip credit, from distributing employees' tips to employees who do not customarily and regularly receive tips and further prohibits employers from distributing employees' tips to management.

24

105.    Defendant engaged in a routine and widespread pattern, policy and practice of violating the FLSA by keeping tips from its employees in a manner not consistent with a valid tip pooling arrangement.

106.    In addition to the hourly wage, Plaintiff received tips from Defendant's customers for her service.

107.    Of the tips she received, Plaintiff was required to "tip out." During this "tip out" process, Plaintiff was required to "tip out" or surrender 24.5% of the credit card tips she received during each shift.

108.    On information and belief, Defendant retained a portion of such tips and/or converted them to management and/or employees who did not customarily and regularly receive tips.

109.    Further, when Plaintiff worked as a Bartender, Defendant required her to participate in an invalid tip pool, in which she was required to share tips with management, including on occasions when Bar Manager Nicole Buffone worked as a Bartender.

110.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 203(m)(2)(B). Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

111.  Defendant did not make a good faith effort to comply with the FLSA with respect to Defendant's compensation of Plaintiff.

112.  Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant all tips unlawfully withheld, an additional equal amount as liquidated damages, interest, and attorneys' fees and costs.

## COUNT FOUR
### (Collective FLSA Claim Asserted Against Defendant)
### <u>Unlawful Tip Withholding in Violation of the FLSA</u>

113.  Plaintiff seeks to represent the following collective groups of employees:

     a.  First, all persons who were, or are, employed by Defendant as Servers and/or Bartenders, or performing materially similar work as Servers and/or Bartenders, at any time within three years prior to the filing of this Complaint(the "Minimum Wage and Tip Collective").

     b.  Second, all persons who were, or are, employed by Defendant as Bartenders, or performing materially similar work as Bartenders, at any time within three years prior to the filing of this Complaint and who were subject to Defendant's Mandatory Tip Pool (the "Bartender Tip Pool Collective").

114.  At all relevant times, Defendant was, and continues to be, an employer engaged in commerce within the meaning of the FLSA.

115.  At all relevant times, Plaintiff and other members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective were engaged in

26

commerce or in the production of goods for commerce within the meaning of the FLSA.

116.   Upon information and belief, at all relevant times, Defendant had gross annual revenues in excess of $500,000.00.

117.   At all relevant times, Defendant employed, and/or continues to employ, members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective within the meaning of the FLSA.

118.   The tipped wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and other members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective.

119.   The FLSA prohibits employers, such as Defendant, from retaining tips from its employees, such as Plaintiff and other members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective, regardless of whether or not the employer takes a tip credit.

120.   The FLSA prohibits employers, such as Defendant, who seek to take a tip credit, from distributing employees' tips to employees who do not customarily and regularly receive tips, and further prohibits employers from distributing employees' tips to management.

121.   Defendant engaged in a routine and widespread pattern, policy and practice of violating the FLSA by keeping tips from its employees in a manner not consistent with a valid tip pooling arrangement.

122.   In addition to the hourly wage, Plaintiff and other members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective received tips from Defendant's customers for their service.

123.   Of the tips they received, Plaintiff and other members of the Minimum Wage and Tip Collective were required to "tip out."  During this "tip out" process, Plaintiff and other members of the Minimum Wage and Tip Collective were required to "tip out" or surrender 24.5% of the credit card tips they received during each shift.

124.   On information and belief, Defendant retained a portion of such tips and/or converted them to management and/or employees who did not customarily and regularly receive tips.

125.  Further, Defendant required Plaintiff and other Bartenders to participate in an invalid tip pool, in which they were required to share tips with management on occasions when Bar Manager Nicole Buffone worked as a Bartender.

126. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

127. Defendant did not make a good faith effort to comply with the FLSA with respect to the compensation of members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective.

128. Due to Defendant's FLSA violations, members of the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective are entitled to recover from Defendants all such tips unlawfully withheld, and an additional amount and equal amount of liquidated damages, interest, and reasonable attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, the Minimum Wage and Tip Collective, and the Bartender Tip Pool Collective demand a **TRIAL BY JURY** and request the following relief:

a)    Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons in the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective as defined herein, apprising them of the pendency of this action, permitting them to assert

29

timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

b)      A declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA;

c)      An award in the amount of the unlawfully withheld tips in violation of the FLSA to Plaintiff and the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective;

d)      An award of liquidated damages as a result of Defendant's unlawful withholding of tips to Plaintiff and the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective;

e)      An award of unpaid minimum wages due under the FLSA to Plaintiff and the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective;

f)      An award of liquidated damages as a result of Defendant's failure to pay minimum wages to Plaintiff and the Minimum Wage and Tip Collective and the Bartender Tip Pool Collective;

g)      An award of prejudgment and post-judgment interest;

h)      An award of costs and expenses of this action, including reasonable attorneys' and expert fees and costs; and

i)      Such other further relief as the Court deems just and proper.

Dated this 26th day of July 2023.

Respectfully submitted,

*/s/ Tierra M. Monteiro*
Justin M. Scott
Georgia Bar No. 557463
Tierra M. Monteiro
Georgia Bar No. 743224
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
tmonteiro@scottemploymentlaw.com

Counsel for Plaintiff