IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARAH HRICZO, individually and on behalf of all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>BRASELTON FINE FOODS, LLC d/b/a COTTON CALF KITCHEN,<br><br>Defendant. | Civil Action No. 2:23-cv-00142- SCJ<br><br>**JURY TRIAL DEMANDED** |

**STIPULATED JUDGMENT AND ORDER**

This case is before the Court for consideration of Plaintiff's Unopposed Motion for Stipulated Judgment and Order Approving Joint Stipulation of Collective Action Settlement and Release [Doc. 30]. After reviewing the record and the joint submission of the parties, the Court enters the following Order.

The Court reviews an FLSA settlement to ensure it is fair, adequate, and reasonable. *See Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has

1

determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions.").

Having reviewed the Joint Stipulation of Collective Action Settlement and Release (the "Agreement") [Doc. No. 30-1] executed by the Parties, the Court finds that the settlement is fair, adequate, and reasonable, and in the best interests of the Plaintiff and members of the Settlement Collective. The Court finds that the Agreement was negotiated at arm's length by represented parties and is not the result of any collusion. The Court has also reviewed the unopposed request for approval of attorneys' fees, costs, and expenses in the amount stated in the Agreement and finds that the attorneys' fees, costs, and expenses provided in the Agreement are reasonable.

Therefore, Plaintiff's Unopposed Motion for Stipulated Judgment and Order Approving Joint Stipulation of Collective Action Settlement and Release is hereby **GRANTED**, the settlement of the parties is hereby **APPROVED**, and the terms of the parties' Agreement are hereby incorporated into this Order. Terms used in this Stipulated Judgment and Order have the same meaning as they are defined in the Agreement. The Settlement Collective, as defined in the Agreement, is hereby certified pursuant to 29 U.S.C. § 216(b) for purposes of the Parties' settlement only, and Justin M. Scott and Tierra M. Monteiro of Radford Scott LLP and C. Andrew

Head of Head Law Firm, LLC are appointed Collective Counsel and are authorized to act on behalf of all members of the Final Settlement Collective with respect to the Litigation and the Agreement.

The Court approves as to form and content the Notice (Exhibit 1 to the Agreement) and Consent to Join/Claim Form and Release ("Claim Form") (Exhibit 2 to the Agreement), and authorizes distribution of the same under the terms set forth in the Agreement.  The proposed Notice clearly and accurately describes the nature of the litigation, Plaintiff's claims and Defendant's defenses, and the definition of the collective certified for settlement purposes herein.  The Notice apprises members of the Settlement Collective of their ability to opt-in to the Agreement or decline to opt-in.  The Court further approves and appoints Rust Consulting (the "Claims Administrator") to serve as the Claims Administrator in accordance with the terms of the Settlement Agreement and this Order.

Members of the Settlement Collective who wish to participate in the settlement shall send a fully completed Claim Form to the Claims Administrator by First Class U.S. Mail so that it is received on or before 45 calendar days after the Notice and Claim Form are post-marked to members of the Settlement Collective. The Claim Form must be completed in accordance with the instructions on the Claim Form and comply with the requirements set forth in the Notice.  All members of the Settlement Collective who fail to comply with these requirements shall be forever

barred from receiving any settlement payment pursuant to the Agreement. Members of the Settlement Collective who do not complete and timely submit Claim Forms to the Claims Administrator shall receive no portion of the settlement and shall release no claims.

Consistent with the terms of the Agreement, Defendant, via the Claims Administrator, shall tender to Plaintiff, Collective Counsel, and all members of the Final Settlement Collective all payments within the deadlines set forth in the Agreement.

This action is **DISMISSED WITH PREJUDICE** in its entirety and the Court hereby enters final **JUDGMENT** in this case based on the terms of the Agreement, and there being no reason to delay entry of this final judgment, the Clerk of the Court is ordered to enter this final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and terminate the file.

Plaintiff and all members of the Final Settlement Collective are enjoined from proceeding against the Released Persons for the Released Claims (as those terms are defined in the Agreement). Without affecting the finality of this Order in any way, the Court retains jurisdiction over the action, the Plaintiff and Defendant, all members of the Final Settlement Collective, and the Claims Administrator for the purpose of the administration and enforcement of the Settlement until the conclusion of the settlement administration process.

**SO ORDERED** this 8th day of July, 2024.

_____
The Honorable Steve C. Jones
Judge, United States District Court